# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** <br> P.O. Box 5100 <br> Mentor, OH 44061 <br><br> Plaintiff, <br><br> v. <br><br> **MARTIN LINDSTEDT** <br> 338 Rabbit Track Road <br> Granby, MO 64844 <br><br> and <br><br> **SUSAN APRIL BESSMAN** <br> 26097 Poppy Drive <br> Stella, MO 64867 <br><br> and <br><br> **THE CHURCH OF JESUS CHRIST CHRISTIAN/ARYAN NATIONS OF MISSOURI** <br> c/o Martin Lindstedt <br> 338 Rabbit Track Rd. <br> Granby, MO 64844 <br><br> Defendants. | Case No. <br><br> Hon. |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (216) 505-0811
(E): reo@reolaw.org
*Pro se Plaintiff*

## PLAINTIFF BRYAN ANTHONY REO'S COMPLAINT
## (JURY DEMAND ENDORSED HEREON)

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Martin Lindstedt ("Lindstedt"), Susan April Bessman ("Bessman"), and The Church of Jesus Christ Christian/Aryan Nations of Missouri ("Aryan Nations"), (Lindstedt, Bessman, and Aryan Nations collectively "Defendants"), and this Honorable Court Plaintiff Bryan Anthony Reo's Complaint:

## I. INTRODUCTION

1. Plaintiff is suing Defendants for Defendants having caused significant damage to Plaintiff by tortiously conspiring to fraudulently convey property from Lindstedt to Bessman.

## II. PARTIES

2. Plaintiff is a natural adult person who resides in and is a domiciliary of City of Mentor, Lake County, State of Ohio.

3. Lindstedt is a natural adult person who resides in and is a domiciliary of City of Granby, State of Missouri.

4. Bessman is a natural adult person who resides in and is a domiciliary of City of Stella, State of Missouri.

5. Aryan Nations is a non-profit corporation existing by and through the law of the State of Missouri, which has Lindstedt as the president and Lindstedt as both a director and its registered agent.

## III. JURISDICTION AND VENUE

6. This Court enjoys subject matter jurisdiction over the instant civil action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00 and the dispute is between citizens of different States.

7. This Court enjoys personal jurisdiction over Defendants because Defendants caused tortious injury to Plaintiff in the State of Ohio by an act outside of the State of Ohio that was committed by Defendants with the purpose of injuring Plaintiff when Defendants might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. § 2307.382(A)(6); Civ.R. 4.3(A)(9).

8. Venue is proper with this Court via 28 U.S.C. 1391(b)(2) because Plaintiff resides within the boundaries of the judicial district of the Northern District of Ohio, specifically in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Ohio Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

9. On July 2, 2019, Hon. Patrick J. Condon of the State of Ohio's Court of Common Pleas for Lake County issued a written judgment in favor of Plaintiff and against Lindstedt in the amount of one hundred five thousand dollars ($105,000.00), which memorialized a jury verdict following a trial which took place in June of 2019. Judgment was also awarded in favor of Plaintiff against Aryan Nations in the amount of $400.00 and was memorialized at the same time.

10. Other than the July 2, 2019, one hundred five thousand-dollar ($105,000.00) money judgment in favor of Plaintiff and against Lindstedt, Plaintiff has a number of other viable causes of action against Lindstedt; to wit: (1) in *Reo v. Lindstedt*, Case No. 1:19-cv-02103-SO at the United States District Court for the Northern District of Ohio, Plaintiff has been granted partial summary judgment against Lindstedt as to claims for common law defamation and false light, and Plaintiff is seeking seven hundred fifty thousand dollars ($750,000.00) as general and punitive damages, and (2) in *Reo v. Lindstedt*, Case No. 1:19-cv-02589-CAB at the United States District Court for the Northern District of Ohio, Plaintiff was granted judgment in the amount of

$250,000.00 in general/compensatory damages and $500,000.00 in punitive damages on 3/29/2021 by Judge Christopher Boyko in 1:19-cv-02589-CAB and is still seeking $750,000.00 in 1:19-cv-02103-SO. Additionally, in 1:19-cv-02786-CAB Stefani Rossi Reo was awarded judgment in the amount $250,000.00 in general/compensatory damages and $250,000.00 in punitive damages against Martin Lindstedt. Martin Lindstedt is subject to judgments held by Bryan Anthony Reo in the amount of $859,000.00 dollars [$105,000.00 from Lake County Common Pleas, $750,000.00 from Northern District of Ohio, and $4,000.00 sanction judgment] in addition to $500,000.00 from Stefani Rossi Reo, for an aggregate amount of $1,359,000.00 in judgments held between Bryan Anthony Reo and Stefani Rossi Reo against Martin Lindstedt.

11. As of the summer of 2019, Lindstedt owned the following real property:

**Township 7 North, Range 26 East of the Black Hills, Meridian, Stanley County, South Dakota:**

>**Section 34:** That portion of the NE1/4NE/4 lying in the South and West of the Highway Right of Way; SE 1/4NE1/4, NE1/4SE1/4.

>**Section 35:** That portion of the NW1/4, SW1/4, SE1/4, lying South and West of the Highway Right of Way; and

**Township 6 North, Range 26 East of the Black Hills, Median, Stanley County, South Dakota:**

>**Section 2:** Lots 1, 2, 3, 4, S1/2N1/2, S1/2 (all);

>**Section 11:** NW1/4, NE1/4, SE1/4;

>**Section 14:** NW1/4, N1/2SE1/4.

(the "Property").

12. Upon information and belief, the fair market value of the Property is approximately two million dollars ($2,000,000.00).

13. Other than the Property, neither Lindstedt nor Aryan Nations meaningfully possess assets which can satisfy the July 2, 2019, one hundred five thousand-dollar ($105,000.00) money judgment nor the $750,000.00 judgment which Plaintiff was awarded on 3/29/2021 nor other forthcoming money judgments.

14. Lindstedt and Bessman are biological siblings.

15. On October 25, 2019, Lindstedt conveyed to Bessman as the trustee for the Susan April Bessman Revocable Living Trust by warranty deed the Property. Lindstedt's conveyance of the Property to Bessman was fraudulently perpetrated with the goal of rendering Lindstedt judgment-proof and uncollectable. Said warranty deed provides that Bessman was conveyed the Property in exchange for "one dollar and other good and valuable consideration."

16. Defendants participated in a scheme for the fraudulent conveyance of approximately $2,000,000.00 in real property for the consideration of $1.00 dollar with the conveyance being made by a man subject to a judgment for $105,000.00 who had been served summons and complaint and thus had notice of claims filed against him by Bryan Anthony Reo seeking $750,000.00 in 1:19-cv-02589-CAB and $750,000.00 in 1:19-cv-02103-SO.

17. Bessman and Lindstedt knowingly and willfully acted in concert with one another so as to prevent Plaintiff—a citizen and domiciliary of the State of Ohio—from obtaining part or all of the Property so as to satisfy the July 2, 2019, one hundred five thousand-dollar ($105,000.00) money judgment and the other forthcoming money judgments. Bessman continues to wrongfully retain legal ownership of said property even after Plaintiff has obtained a $750,000.00 judgment against Lindstedt and more judgments are likely to be forthcoming.

18. Plaintiff has and will continue to suffer general damages in the form of mental anguish due directly and proximately to Defendants' acts of commission and omission, which includes but is

not limited to frustration, irritation, humiliation, embarrassment, shame, anger, anxiety, depression, insomnia, outrage, annoyance, discomfort, inconvenience, indignation, insult, disgust, vexation, severe mental anguish, and utter contempt.

19. Plaintiff further suffers lost income on land that should rightly be accessible as an asset to him as an asset of the judgment debtor to satisfy judgments but which now is wrongfully held by Defendant Bessman who unjustly derives rental income from the Property.

20. Upon information and belief, Lindstedt, Bessman, and Aryan Nations are working in concert as part of a malicious combination to defraud, hinder, or delay the rights of a lawful judgment creditor attempting to collect on multiple lawfully rendered judgments.

21. Plaintiff has and will continue to suffer special damages in the form of the accrual of attorney's fees necessary to try to set aside Lindstedt's fraudulent conveyance of the Property to Bessman. Plaintiff's accrual of said special damages is directly and proximately caused due to the fraudulent scheme of Defendants.

22. Defendants' conduct was conscious, deliberate, intentional, and/or reckless in nature, Defendants' conduct was undertaken with hatred, ill will, and/or vexation, and Defendants' conduct was done with a conscious disregard for the rights and dignity of Plaintiff; as such, an award of punitive damages in Plaintiff's favor and against Defendants is just and proper.

## V. TRIAL BY JURY DEMANDED

23. Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE OHIO UNIFORM FRAUDULENT TRANSFER ACT
### (R.C. Chapter 1336)

6

24. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

25. The Property is an asset as defined by R.C. § 1336.01(B).

26. Plaintiff has a "claim" against Lindstedt as defined by R.C. § 1336.01(C).

27. Plaintiff is a "creditor" against Lindstedt as defined by R.C. § 1336.01(D).

28. Lindstedt is a "debtor" of Plaintiff as defined by R.C. § 1336.01(F).

29. Plaintiff has a "claim" against Aryan Nations as defined by R.C. § 1336.01(C).

30. Plaintiff is a "creditor" against Aryan Nations as defined by R.C. § 1336.01(D).

31. Aryan Nations is a "debtor" of Plaintiff as defined by R.C. § 1336.01(F).

32. Bessman is an "insider" of Lindstedt—as this term is defined by R.C. § 1336.01(G)(1)(a)—insofar as Bessman is Linstedt's biological sister. See R.C. § 1336.01(K) (defining "relative" as "an individual related by consanguinity within the third degree[.]")

33. At this time Bessman's relationship or involvement with Aryan Nations remains unknown and unclear. However, upon information and belief, given the close cooperation between siblings Lindstedt and Bessman and their participation in a common scheme for fraudulent conveyance, Bessman may have some affiliation with Aryan Nations via her brother and their common scheme to conceal assets and thus may be working in concert with Aryan Nations as well to hinder collection efforts against Aryan Nations as well as against Lindstedt.

34. Lindstedt conveyed the Property to Bessman with the intention to defraud, hinder, or delay Plaintiff's right to recover money damages from Lindstedt. See R.C. § 1336.04(A)(1).

35. Lindstedt conveyed the Property to Bessman without receiving a reasonably equivalent value in exchange for the conveyance, and Lindstedt and Bessman had reason to believe at the

7

time of the conveyance that Lindstedt would incur future debts and not have the ability to pay the same. See R.C. § 1336.04(A)(2)(b).

36. At the time of Lindstedt's conveyance of the Property to Bessman, Plaintiff was a present creditor of Lindstedt.

37. At all times relevant to Lindstedt's conveyance of the Property to Bessman, Bessman had reason to know that Bessman was being provided the Property without providing reasonably equivalent value in exchange for it so as to cause financial injury to Plaintiff. According to Martin Lindstedt's statements in other cases[1], the conveyance occurred based on the token consideration of exactly $1.00, one dollar, which is to say sham consideration. The conveyance occurred within 3 days of Plaintiff have filed and served a motion to compel post-judgment discovery propounded by Plaintiff Bryan Reo upon Martin Lindstedt within the case that gave rise to the judgment for $105,000.00 against Lindstedt and $400.00 against Aryan Nations.

38. Defendants knowingly and willfully fraudulently conveyed the Property from Lindstedt and Aryan Nations to Bessman so as to interfere with Plaintiff's debt collection efforts against Lindstedt.

39. Pursuant to R.C. § 1336.07(3)(c), the Court can award any other relief that the circumstances may require. For the instant case, circumstances require that Plaintiff be awarded a money judgment against Lindstedt and Bessman so that Plaintiff can seek to recover the money which rightfully belongs to Plaintiff.

WHEREFORE, Plaintiff prays that this Honorable Court will: (1) enter judgment in Plaintiff's favor against Defendants, jointly and severally, in an amount that exceeds seventy-five

---

[1] Bryan Anthony Reo v. Martin Lindstedt, ND Ohio 1:19-cv-02103-SO; Bryan Anthony Reo v. Martin Lindstedt, ND Ohio 1:19-cv-02589-CAB; Stefani Rossi Reo v. Martin Lindstedt, ND Ohio 1:19-cv-02586-CAB; Anthony Domenic Reo v. Martin Lindstedt, ND Ohio 1:19-cv-2615-JRA; and Bryan Anthony Reo v. Susan Bessman and Martin Lindstedt, South Dakota Sixth Judicial Circuit 58CIV20-00007

thousand dollars ($75,000.00) for general and/or special and/or punitive damages; (2) award Plaintiff costs and reasonable attorney's fees Plaintiff incurs to bring forth and litigate the instant civil action; (3) award Plaintiff statutory interest on any money judgment issued by the Court; and (4) award Plaintiff any and all other relief which is warranted by law or equity.

## COUNT II
## COMMON LAW CIVIL CONSPIRACY

40. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

41. Defendants constitute two or more natural persons.

42. One Defendant is a corporate entity that is operated, upon information and belief, solely by Martin Lindstedt, with the exact extent of involvement by Bessman in the Aryan Nations entity remaining unknown.

43. Defendants engaged in concerted action that was designed to accomplish either an unlawful purpose or a lawful purpose by unlawful means.

44. Defendants participated in a malicious combination for the purpose of perpetrating a fraud upon a lawful judgment creditor of whose existence and rights they had actual knowledge.

45. Due directly and proximately to the acts of commission and omission of Defendants, Plaintiff has and will continue to suffer damages.

46. Defendants are liable to Plaintiff for the common law tort of civil conspiracy.

WHEREFORE, Plaintiff prays that this Honorable Court will: (1) enter judgment in Plaintiff's favor against Defendants, jointly and severally, in an amount that exceeds seventy-five thousand dollars ($75,000.00) for general and/or special and/or punitive damages, including loss of income from the land, and the value of the land itself; (2) award Plaintiff costs and reasonable attorney's fees Plaintiff incurs to bring forth and litigate the instant civil action; (3) award Plaintiff

statutory interest on any money judgment issued by the Court; (4) award Plaintiff any and all other relief which is warranted by law or equity.

                                                Respectfully submitted,

                                                **REO LAW, LLC**

                                                <u>/s/ BRYAN ANTHONY REO</u>
                                                Bryan Anthony Reo (#0097470)
                                                P.O. Box 5100
                                                Mentor, OH 44061
                                                (T): (216) 505-0811
                                                (E): reo@reolaw.org
                                                *Pro se Plaintiff*

Dated: April 7, 2021